United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONVOLVE, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DELL, INC.; HITACHI LTD.; HITACHI GLOBAL STORAGE TECHNOLOGIES, INC. and WESTERN DIGITAL CORPORATION<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. C 10-80071 WHA<br><br>**ORDER GRANTING SEAGATE'S MOTION TO QUASH SUBPOENA AND VACATING HEARING** |

## INTRODUCTION

In this patent-infringement action, non-party Seagate Technology, Inc. moves to quash or modify the third-party subpoena or alternatively moves for a protective order. For the following reasons, the motion is **GRANTED**.

## STATEMENT

In July 2000, Convolve, Inc. sued Seagate Technology, LLC and Compaq Computer Corporation in the Southern District of New York alleging, *inter alia*, infringement of United States Patent Numbers 4,916,635 and 6,314,473 (Dkt. No. 1 at 3). The New York litigation is still pending; discovery has been closed since 2003.

In July 2008, Convolve also sued Dell, Inc., Western Digital Corporation, Hitachi LTD and Hitachi Global Storage Technologies in the Eastern District of Texas, alleging infringement

1    of the '473 patent. The '473 patent relates to a method for a user to switch a computer hard disc
2    drive between a quicker but louder mode and a slower but quieter mode. The Texas litigation has
3    a trial date set for July 2011; fact discovery closed in April 2011. As part of their defense, the
4    Texas defendants seek to establish that Seagate's hard disk drives are prior art to, and thus
5    invalidate, Convolve's '473 patent. Seagate is not a party to the Texas litigation.

6    In 2009, Hitachi served Seagate with a subpoena requesting documents relating to the
7    invalidity of the patent, including prior art, documents relating to prior art, expert reports, and
8    deposition transcripts. Seagate allegedly complied, producing "over 22,000 pages of documents
9    and transcripts."

10   In March 2011, Hitachi, on behalf of itself and the other defendants in the Texas litigation,
11   served multiple subpoenas on Seagate including document requests, individual subpoenas of
12   Seagate engineers, and a Rule 30(b)(6) deposition notice. Upon receipt, Seagate allegedly asked
13   for a meet-and-confer session to discuss the scope of the subpoena duces tecum and deposition
14   notice. After several meetings and negotiations, the parties were unable to agree upon an
15   appropriate scope for the subpoena. Seagate now brings this motion to quash and/or modify the
16   subpoena, or alternatively, to impose a protective order.

17                                           **ANALYSIS**

18   Pursuant to Rule 45, if this order concludes that compliance with the subpoena would
19   result in undue burden to Seagate, then the subpoena must be quashed. If the subpoena requires
20   disclosure of confidential commercial information, then the subpoena may be quashed. The
21   burden of persuasion rests with the movant.

22   Seagate has no stake in the patent litigation provoking this proceeding. Yet, the litigants
23   there have come here and served a subpoena duces tecum on Seagate to force it to search for and
24   produce documents revealing the detailed workings of various disc drives and to produce a
25   Rule 30(b)(6) witness to testify on the same topic. The subpoena in question comes at the end of
26   the Texas discovery period.

27   Defendants' requests can be broken into three categories. *First*, defendants request
28   documents and testimony relating to demonstrations Convolve made to Seagate before

2

March 4, 1999. *Second*, defendants request production of Seagate disk drives made, sold, or used by Seagate before March 4, 1999, under the "Hawk" or "Quasar" name, as well as an executable copy of the utility software, firmware, and documents relating to development for the drives. *Third*, defendants demand that Seagate produce and set up one prior-art hard drive and related software and measuring equipment in a configuration that will allow Seagate to demonstrate that its hard drive could be controlled by utility software to run in either performance or acoustic mode.

According to defendants, the subpoena is narrowly tailored (Opp. 10). On the contrary, it is overbroad. For example, defendants request:

> All documents and things referring or relating to communications regarding the features, function or operation of the Seagate Prior Art Hard Drives with respect to acoustic noise including, without limitation, any features, functions or operations that did or were intended to enable adjustment of acoustic noise and/or seek time and hardware, software or firmware interfaces for controlling acoustic noise or seek speed.

To further broaden the horizons of this already expansive purview, the subpoena includes exhaustive definitions of words such as "documents," "identify," and even connective terms like "and" and "or." The amount of labor required to locate and identify the materials would be unduly burdensome for a non-party such as Seagate.

Furthermore, Seagate states that defendants cannot compel a demonstration by deposition. Defendants contend that the request for a demonstration is permissible and warranted under Rules 26, 30 and 45 (Opp. 6). Yet, notably, defendants cite no binding authority that holds that such demonstrations are permissible. Instead, defendants cite a handful of decisions from other districts where such demonstrations were compelled by subpoena. Those decisions, however, did not deal with non-parties.

Defendants maintain that Seagate should be compelled to provide discovery concerning demonstrations by Convolve (Opp. 8). Defendants further argue that a demonstration by Seagate employees would be more useful than a demonstration by retained experts. This is unpersuasive. As our court of appeals has stated: "Rule 45(c)(3)(B)(ii) was intended to provide appropriate protection for the intellectual property of [a] non-party witness. . . . A growing problem has been

3

the use of subpoenas to compel the giving of evidence and information by unretained experts." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) (citations omitted). The instant subpoena effectively requires non-party Seagate to act as an unpaid expert witness in support of defendants' defense against Convolve in the Texas litigation. This is an abuse of the subpoena power.

The subpoena calls for confidential technology owned by Seagate. Releasing this information would compromise Seagate's privacy. While a protective order would restrict access to some extent, it would still allow access by counsel, legal assistants, experts, their assistants, the jury, and court staff. Seagate should not have to suffer such disclosure without a clear-cut need and a subpoena narrowly drawn to meet that need. Defendants have not drawn their request narrowly enough.

Again, Seagate is a non-party. Non-parties may occasionally have to testify and give evidence for and against litigants, but non-parties should not be burdened in discovery to the same extent as the litigants themselves. Requests to non-parties should be narrowly drawn to meet specific needs for information. *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993). Hitachi's overbroad subpoena imposes an undue burden on non-party Seagate and, therefore, must be quashed.

In its motion, Seagate moves to quash and/or modify the subpoena or, in the alternative, for a protective order. In its reply, Seagate requests both that the subpoena be quashed and that a protective order be issued. Seagate does not explain this change. This order, therefore, holds Seagate to its initial request. As the subpoena is quashed in its entirety, this order need not consider Seagate's alternative request for a protective order.

## CONCLUSION

Seagate's motion to quash the subpoena is **GRANTED**. Seagate's alternative requests for modification of the subpoena or entry of a protective order are **MOOT**. Hitachi's request for an

4

order compelling Seagate to comply with the subpoena is **DENIED**.  Accordingly, the motion hearing scheduled for **MAY 12, 2011** is **VACATED**.

**IT IS SO ORDERED.**

Dated:  May 9, 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5